UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TREVIS COLES,<br><br>    Plaintiff,<br><br>        v.<br><br>HARRIS TEETER, LLC,<br><br>    Defendant. | Civil Action No. 16-2023 (JEB) |

## MEMORANDUM OPINION

Plaintiff Trevis Coles brings this action against his former employer, Harris Teeter, alleging the grocery store fired him because of his disability. Having successfully removed the case, Defendant now moves to dismiss on the ground that the Complaint fails to state a plausible wrongful-termination or discrimination claim against it. As the Court agrees with the former contention but not the latter, it will grant the Motion in part.

**I.    Background**

The Court, as it must at this stage, draws the facts from the Complaint and assumes them to be true. Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). Plaintiff lives in the District of Columbia and suffers from glaucoma. See ECF No. 1, Exh. A (Complaint), ¶¶ 2, 6. In December 2015, his doctor prescribed him marijuana to help alleviate the symptoms of his disease. Id., ¶ 7. According to the District's Legalization of Marijuana for Medical Treatment Amendment Act of 2010, D.C. Code § 7-1671.01, *et seq.*, Coles properly registered that prescription with the D.C. Department of Health and received a medical-marijuana card for this purpose. Id., ¶¶ 7-8.

Several months later, around March 6, 2016, Defendant hired Coles to work on an at-will basis as a cashier in one of its grocery stores. Id., ¶ 9. He performed well in that role by reporting early for his shifts, taking on additional responsibilities, and avoiding any disciplinary trouble. Id., ¶ 11. A month or two in, however, Coles's number got called for a random drug screen at work, and he tested positive for marijuana on May 4. Id., ¶¶ 12-13.

Coles explained to his Store Manager, Dan Kuzor, that he used physician-prescribed medical marijuana to treat his glaucoma. Id., ¶ 14. Kuzor assured him that the positive screen would not be a problem so long as Coles provided a valid prescription to this effect. Id., ¶¶ 14-15. Three days later, on May 7, Plaintiff did so. Id., ¶ 15. Harris Teeter nevertheless fired him on May 10 for violating its substance-abuse policy. Id., ¶ 16.

On September 15, Coles filed this suit in the Superior Court of the District of Columbia, asserting that Defendant had unlawfully terminated him. See id. at 1. Having removed the case to this Court on the basis of diversity jurisdication, Harris Teeter now seeks to dismiss it.

## II.     Legal Standard

The Federal Rules of Civil Procedure require a plaintiff to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6), in turn, provides for the dismissal of an action where such a complaint fails "to state a claim upon which relief can be granted."

In evaluating a Rule 12(b)(6) motion, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow, 216 F.3d at 1113 (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted). The pleading rules are "not meant to impose a great burden," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and "detailed factual

allegations" are thus not necessary. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint, however, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). The Court need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986) (internal quotation marks omitted)). The facts instead "must be enough to raise a right to relief above the speculative level" even if "recovery is very remote and unlikely." Twombly, 550 U.S. at 555-56 (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## III. Analysis

Plaintiff presses two independent state-law counts in alleging that Defendant unlawfully terminated him. The first asserts a wrongful-termination claim arising under the District's common law, and the second alleges that Defendant fired him because of his glaucoma in violation of the District of Columbia Human Rights Act. The Court takes up the sufficiency of each allegation in turn.

### A. Wrongful Termination

In considering Plaintiff's wrongful-termination claim, the Court starts with the well-established principle that "in the District of Columbia . . . an employer may discharge an at-will employee at any time and for any reason, or for no reason at all." Adams v. George W. Cochran & Co., 597 A.2d 28, 30 (D.C. 1991). District of Columbia courts, however, recognize a very narrow public-policy exception for cases in which "the employee's termination offends some 'mandate of public policy' that is 'firmly anchored in either the Constitution or in a statute or regulation which clearly reflects the particular public policy being relied upon.'" Bilal-Edwards

v. United Planning Org., 896 F. Supp. 2d 88, 94 (D.D.C. 2012) (quoting Carson v. Sim, 778 F. Supp. 2d 85, 97 (D.D.C. 2011)).  In other words, a plaintiff pleading a wrongful-termination claim based on the public-policy exemption must identify a policy source that provides a "clear mandate" in support of his claim.  Coleman v. Dist. of Columbia, 828 F. Supp. 2d 87, 96 (D.D.C. 2011).  A protection afforded the employee pursuant to a private agreement will not do.  Bilal-Edwards, 896 F. Supp. 2d at 94.

Coles relies on this narrow exception here to assert that the termination of his at-will employment violated the District's public policy – codified in the 2010 Medical Marijuana Treatment Act, D.C. Code § 7-1671.01, *et seq*. (MMTA) – of allowing qualifying patients to use medical marijuana prescribed by their physicians.  See Compl., ¶¶ 30-33.  This theory, however, suffers from a fatal flaw: District law does not "provide a clear mandate of public policy" that employers must accommodate such legal marijuana use by their employees.  In fact, the District's Prohibition of Pre-Employment Marijuana Testing Act seems to leave room for employers to remove workers who fail a drug test for marijuana use or violate workplace drug-prevention policies.  See D.C. Code § 32-931(a)-(b).  This Court can thus ascertain no clear policy mandate in the District's law that an employer must accept an employee's lawful marijuana use.

Others courts, moreover, have come to the same conclusion in considering the impact on wrongful-termination claims of acts similar to the District's MMTA.  See, e.g., Casias v. Wal-Mart Stores, Inc., 695 F.3d 428, 436 (6th Cir. 2012) (collecting cases); see also Ross v. RagingWire Telecomm., Inc., 174 P.3d 200, 208-09 (Cal. 2008).  Like the statute here, the acts at issue in those cases legalized the use of marijuana for certain medical purposes, but did not otherwise explicitly mandate that employers must tolerate that use.  Id.  As the courts in those

cases concluded, the District here can at most be said to maintain a public policy that decriminalizes and allows the consumption of marijuana for private medical reasons. That is a far cry from prohibiting employers from terminating such users. Plaintiff's first count must thus be dismissed.

### B. Disability Discrimination

Coles next asserts that Defendant violated the DCHRA when it fired him because of his disability – glaucoma – and for undergoing the medical-marijuana treatment his physician prescribed for that condition. See Compl., ¶¶ 24-28. "The DCHRA makes it unlawful for an employer to refuse to hire, discharge, or otherwise discriminate against an individual 'wholly or partially for a discriminatory reason based upon [an] actual or perceived . . . disability . . . .'" Badwal v. Bd. of Trustees of Univ. of D.C., 139 F. Supp. 3d 295, 308 (D.D.C. 2015) (quoting D.C. Code § 2–1402.11(a)(1)). To make out a disability-discrimination claim under the Act, Coles must plead that (1) he has a disability; (2) he was qualified for his position with or without a reasonable accommodation; and (3) he suffered an adverse personnel action because of his disability. Id.

Defendant implicitly concedes the first two elements are met here, but asserts that Coles fails to allege the third because he admits that he tested positive for marijuana; as a result, he was terminated for violating Harris Teeter's substance-abuse policy, not for any disability. See Mot. at 9. Yet Plaintiff does specifically allege he was fired for his disability as well as his treatment therefor. See Compl., ¶ 25. He also notes that Defendant's substance-abuse policy is more than a bit hazy about whether it will consider the legal use of marijuana to constitute a violation. See Mot., Exh. 1 at 5 (referring to Delaware law in providing "Company will not terminate, refuse to hire, or otherwise penalize any associate . . . based upon . . . a registered qualifying patient's


positive drug test, unless the patient used, possessed, or was impaired by marijuana on Company property"). Coles further alleges that Harris Teeter did not fire at least one other employee who failed multiple drug tests for cocaine, but did not have a disability. See Compl., ¶ 22. Taken together, these assertions suffice to raise a plausible inference that Coles might have been terminated because of his disability, rather than his positive drug screen. See Adeyemi v. Dist. of Columbia, 525 F.3d 1222, 1226 n.1 (D.C. Cir. 2008) (instructing district courts to avoid "full causation analysis" in assessing sufficiency of prima facie case of discrimination); see also Lathram v. Snow, 336 F.3d 1085, 1093 (D.C. Cir. 2003) (holding "unexplained inconsistency [in policy enforcement] can justify an inference of discriminatory motive"). Although Plaintiff may ultimately face an uphill climb in proving he was fired because of his glaucoma, the Court cannot dismiss this count at this stage in the litigation.

## IV.  Conclusion

For the reasons articulated herein, the Court will issue a contemporaneous Order granting in part and denying in part Defendant's Motion to Dismiss.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  November 14, 2016